# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

REBECCA LEDBETTER,

    *Plaintiff,*

vs.

TONY BLEVINS, MARK LOVE and
RICK FISHER,

    *Defendants.*

Case No. 17-CV-1100-EFM-KGG

## MEMORANDUM AND ORDER

    Plaintiff Rebecca Ledbetter brings several state law claims against three Defendants alleging that Defendants defamed her and intentionally inflicted emotional distress upon her by making untrue statements that she misappropriated and mismanaged funds. Defendants now seek dismissal asserting that Plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA") and that she fails to state a claim (Doc. 7). Plaintiff disagrees that her claims are preempted and also states that the Court should remand the matter back to state court (Doc. 11). Because the Court finds that it lacks subject matter jurisdiction, the Court remands the matter back to state court.

### I.      Factual and Procedural Background

In Plaintiff's eight-paragraph cursory complaint, she asserts that Defendants Tony Blevins, Mark Love, and Rick Fisher stated to the news media on and after February 2, 2016, the untrue statement that she misappropriated and mismanaged funds.  She alleges that these statements are defamatory and that she suffered severe loss of respect from her family, friends, and community and loss of income.  Plaintiff also states that these statements were made with a callous disregard for the truth and constitute outrageous behavior.

On May 8, 2017, Defendants filed a Notice of Removal to this Court and asserted that Plaintiff's claims were preempted by the LMRA.  On May 22, 2017, Defendants filed a Motion to Dismiss asserting that (1) Plaintiff fails to state a claim because of the doctrine of res judicata, (2) Plaintiff's claims are completely preempted by the LMRA, (3) Plaintiff fails to state sufficient facts to state a claim, and alternatively (4) Plaintiff's claims are completely preempted under the *Garmon* doctrine and the Labor Management Reporting and Disclosure Act ("LMDRA").  Plaintiff filed a response to this motion, entitled "Reply to Motion to Dismiss." In this response, she asked the Court to remand the case back to state court.  Thus, this response has also been designated as a Motion to Remand.

### II.     Legal Standard

If an action originally filed in state court could have been heard in federal court, it can be removed to federal court.[1]  The federal court must have a statutory or constitutional authority to hear the case in order to satisfy its limited jurisdiction.[2]   "[T]he propriety of removal is judged

---

[1] 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[2] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850).

on the complaint as it stands at the time of the removal."[3]  "Under the 'well-pleaded complaint' rule, the plaintiff is considered the 'master of the claim' and thus the federal question giving rise to jurisdiction must appear on the face of the complaint."[4]  A federal court must remand the action to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]

### III.   Analysis

In this case, Plaintiff brings two state law claims: defamation and intentional infliction of emotional distress.  As noted above, Plaintiff's complaint is sparse.  Four of the eight allegations in Plaintiff's complaint relate to the parties and state their names and the state (Kansas) in which they reside or work.  Two of the allegations relate to Plaintiff's defamation claim.  The *only* specific factual allegation states that on or about February 2, 2016, Blevins, Love, and Fisher stated to the news media and others that Plaintiff misappropriated and mismanaged funds which was an untrue statement and defamed her.  Plaintiff's other allegation relating to defamation simply states that she makes a claim for an amount of $75,000.  The other two allegations state that Plaintiff incorporates all of the other allegations and that the above statements were made with a callous disregard for the truth and constitute outrageous behavior.

Defendants seek the dismissal of Plaintiff's complaint on multiple grounds.  In Plaintiff's response to Defendants' motion, however, she includes a request for this Court to remand the matter back to state court.  Defendants complain that Plaintiff's request is untimely because Plaintiff's request for remand was made 32 days after removal of the case.  Indeed, pursuant to

---

[3] *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) (citation omitted).

[4] *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003).

[5] 28 U.S.C. § 1447(c).

28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

As noted in this statute, however, a motion to remand on the basis of the lack of subject matter jurisdiction does not have to be made within 30 days. In addition, because federal courts are of limited jurisdiction, the Court has a duty to determine whether it has jurisdiction over a case *sua sponte*.[6] "It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue."[7]

From the face of the complaint, it does not appear that Plaintiff's claim has anything to do with the LMRA or a labor organization. There are no allegations relating to federal question jurisdiction. It is also clear that diversity jurisdiction is lacking. Although Plaintiff never uses the words "subject matter jurisdiction" in seeking remand to state court, she states that she only asserts state law claims and that there are no allegations of union involvement or a federal claim relating to the LMRA.

Defendants removed the case by stating that Plaintiff's claims were preempted by the LMRA and thus there was a federal question. Plaintiff's eight-paragraph complaint is very cursory and gives little information as to the facts underlying her claims or the legal elements of her claims. Thus, it does not appear that Plaintiff's state law claims are preempted by federal

---

[6] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[7] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

law or raise a federal question.[8]  Accordingly, because there is no basis for this Court's subject matter jurisdiction, the Court remands the matter to state court.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 29th day of November, 2017.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] The Court recognizes that a similar case involving Plaintiff was previously before this Court.  Plaintiff previously filed a different state court action against six Defendants, including one of the named individuals in this case, and those Defendants removed that case to federal court.  *See* Case No. 16-CV-1101.  In the previous case, the Court found that Plaintiff's claims were preempted by the LMRA and that she failed to state a breach of contract, wrongful termination, or defamation claim. The Court, however, cannot add facts to Plaintiff's current complaint.  Unlike Plaintiff's previous Complaint in which the labor union was a party to the suit, there were allegations of union involvement, and facts regarding the individual Defendants' relationship with the union, this Complaint is devoid of such facts.  Although the Court can take judicial notice of previous pleadings, as noted above, the Court cannot add additional allegations to Plaintiff's complaint in an effort to ascertain Plaintiff's cause of action.